EVANS ET AL. v. THE CITY OF COUNCIL BLUFFS.

1. **Cities and Towns**: SEVERANCE OF TERRITORY: FACTS JUSTIFYING: TERMS OF. Where lands included within the limits of a city are used wholly for cultivation, and are not needed for city purposes, and are not benefited by being within the corporation, they should be severed from the city upon the petition of the owners; and, where the lands have never been liable for municipal taxes, such severance should not be conditioned upon the payment by the owners of any portion of the indebtedness incurred by the city while the lands were attached thereto.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, DECEMBER 5.

THIS is a petition to sever certain territory from the city of Council Bluffs, upon the ground that the land composing said territory is wholly agricultural and farming lands, and so used and occupied, and that the same has never been used for any municipal purpose whatever, and has received no benefits or advantages by being within the corporate limits, and is not likely ever to be used for municipal purposes. Upon a hearing, an order was made that the territory in question be severed. Defendant appeals.

*G. A. Holmes*, for appellants.

*Sapp & Pusey*, for appellee.

ROTHROCK, CH. J.—The evidence shows that the territory sought to be severed is used exclusively for agricultural and horticultural purposes. It has never been laid off in lots, and is remote from any part of the city which is so laid off. It is conceded that the land embraced in the petition is not liable for municipal taxes. There is no evidence that the growth of the city will in the near future render it necessary that the lands in question should be platted as part of the city. All the evidence upon that point appears to us to be mere conjecture. Two railroads are built and in operation through the land, and it is insisted that the severance should not be made because, the city will thereby be deprived of the tax upon the two railroads in the territory in question. We think this consideration should not enter into the case. Cities ought not to be permitted to retain lands within their limits which are not needed for city purposes, and which are not benefited by being within the corporation, and against the will of the owners, for the mere purpose of deriving revenue therefrom. It is true, certain streets and roads have been opened and improved by the city, which are a benefit to the residents of the territory in question, but these are not more of a benefit to the petitioners than to other owners of farm lands adjacent to the city.

The court appointed commissioners, as provided by law, to adjust the terms on which the lands should be severed from the city. By agreement of the parties, the commissioners reported the assessed value of the entire city, and the assessed value of the portion sought to be severed, leaving the court to fix the terms of severance. Upon the return of the report, the court found "that there has not accrued and does not exist any liability of the city of Council Bluffs, during the connection of said territory with and as part of the city, for which said territory and the owners thereof are liable." Complaint is made of this finding. We think it is correct. It was found, and the city conceded, that the land was not liable for general municipal taxes. If not liable for city taxes, it should not be required to pay any indebtedness of the city incurred while it was attached to the city.

AFFIRMED.