## Pelletier *et al.* v. City of Ashton.

1. Where a city making an affirmative defense to proceedings under Comp. Laws, § 1115, to exclude certain lands from the corporation, admits that all necessary steps were taken by plaintiffs up to the time of the trial, and the mayor and members of the council testify to their official capacity, such proof and admissions establish the corporate existence for the purpose of the proceeding, and the city is estopped from urging anything inconsistent therewith.

2. Comp. Laws, §§ 1117, 1118, provide that on failure of a city council to exclude unplatted land from the city limits on the owners petition, such owners may file a petition in the circuit court, and if, on hearing, the court shall find such petition should have been granted, it shall so order, *Held*, that where an incorporated city included within its limits four sections of land, and only 80 acres thereof were platted, and the balance was cultivated land, and the owners received no benefit from its being within the city limits and were subjected to increased taxation thereby, and the land was not necessary for any public purpose, except

to increase the city's revenue, such land was properly excluded by the circuit court after the city council had refused so to do.

CORSON, J., dissenting.

(Opinion filed January 10, 1900.)

Appeal from circuit court, Spink county.    Hon. A. W. CAMPBELL, Judge.

Proceeding by Stephen Pelletier and others against the city of Ashton to have certain territory excluded therefrom. From a judgment for plaintiffs, defendant appeals.    Affirmed.

The facts are stated in the opinion.

*D. W. Poindexter*, for appellants.

*Sterling & Morris*, for respondents.

FULLER, P. J.    The defendant city resisted upon its merits the petition of plaintiffs, based upon and conforming to the following statutory provision:    "On petition in writing signed by not less than three-fourths of the legal voters and by the owners of not less than three-fourths (in value) of the property in any territory within any incorporated city or town, and being upon the border and within the limits thereof, the city council of the city or the board of trustees of the town, as the case may be, may disconnect and exclude such territory from such city or town; provided that the provisions of this section shall only apply to lands not laid out into town lots or blocks."    Comp. Laws, § 1115.    In accordance with Section 1117, *Id.*, providing a remedy in case the city council refuse to grant such petition, the same was presented to the circuit court; and this appeal is from a judgment granting the relief sought.    Briefly stated, and in substance, the court found that the defendant city of Ashton is a municipal corporation having

about 300 inhabitants, and a bonded indebtedness of $6,000, incurred in the year 1885; that the area of said city was and still is, 2 miles square, and includes within its limits 4 sections of land, while but 72 acres thereof has ever been platted; that none of the land severally owned by plaintiffs, and described in their petition, has ever been laid out into city lots or blocks, but the same has always been used for agricultural purposes; that the owners have never received any benefit by reason of the same being included within corporate limits, and it is not necessary that such land, or any part thereof, be retained within said limits, for police or sanitary purposes, nor is the same used for any public purpose whatsoever. It was further found that the rate of taxation for this land greatly exceeds that of similar tracts adjoining and outside the corporate limits, which condition is due solely to the fact that said land is assessed for municipal purposes. After finding that pettitioners had taken all preliminary steps in strict conformity with the statute, that the matter of revenue was the only benefit that the city would receive from the retention of such lands within its limits, and that the owners thereof would be benefited by having the same segregated and excluded therefrom, the court made the following conclusion of law: "That the request of the petitioners ought to be granted, and the same can be granted without injustice to the inhabitants of the city of Ashton or others interested, and that said petitioners are entitled to an order disconnecting and excluding the lands described in their petition from the limits of said city."

Counsel for appellant says, "That petition contains all the statutory allegations, and no contention is made that the necessary preliminary steps were not taken up to the time of the

trial." While the petition purports to be that of citizens of the city of Ashton, and was opposed upon the theory that the creditors holding its bonds would be injured, and the burden of the municipality increased, by disconnecting and excluding the lands mentioned, it is urged, "that the court erred in finding that the city of Ashton is a municipal corporation." The concession of counsel for appellant expressly includes the presentation to the city council of Ashton at a regular meeting thereof, and upon due notice the petition of respondents, which said city council refused to grant. Furthermore, it is conceded that thereafter, and in a manner required by law, notice of filing said petition in the circuit court was served upon the mayor of the city of Ashton, together with notice of the time and place of hearing. Moreover, it was clearly shown by the statements of the mayor and members of the city council, sworn on behalf of appellant, that the city of Ashton is a municipal corporation, as will be seen by the following extracts from the evidence disclosed by the record. S. P. Watkins testified: "Am one of the city council of the city of Ashton. Have been acquainted with the financial condition of the city since its organization. Have been in the city council several years. * * * Have been acquainted with the assessments made from year to year upon the unplatted land within the city limits of the city of Ashton. * * * Bonds were issued in the fall of 1885, or early in the spring of 1886, for the purpose of putting in water mains in the city, and to build the city hall and court house. * * * Have examined the record to ascertain the number of acres of land platted into lots and blocks. There are included in lots, blocks, streets and alleys in the city of Ashton, including the

original town site, and excluding the railroad ground, as near as I can figure it, seventy-two acres. The other lands surrounding are similar to the lands of the petitioners,—agricultural lands, not used for town lots, blocks, streets, or alleys." A. Versteeg, being sworn, testified on the part of appellant city as follows: "Am at present mayor of the city of Ashton. Have been conversant with the finances of the city something over two years. There is less than eighty acres platted into lots and blocks. Have resided in Ashton about thirteen years. The population now is not half what it was ten years ago. Has remained the same for the last two or three years. Know of nothing that would materially increase the taxable property or the population of the city of Ashton." Other members of the city council and certain of the county officers testified to the same effect, and a plat of the city was offered and received in evidence without objection as to accuracy.

Where a municipal corporation appears and makes an affirmative defense, the mayor and the members of the city council testifying to their official capacity, such proof and admissions are ample to establish corporate existence for the purpose of the pending proceeding. Eubank v. City of Edina, 88 Mo. 650. Throughout the entire litigation, appellant deliberately took the position and assumed the attitude of a municipal corporation, and is therefore estopped from urging anything inconsistent therewith. The case comes within the broad principle, in keeping with the purposes for which courts are organized, that a litigant cannot admit, and at the same time deny, the existence of a material fact; and the estoppel prevails as against a municipal corporation, however organized, as well as an individual. Bigelow, Estop. (5th Ed.) Chap. 26. The

corporate existence of the city of Ashton being thus established by its officers without objection, it is needless to determine the nature of such organization, or whether the fact ought to be generally known within the limits of this jurisdiction, and noticed by courts judicially. The legislature having made the act under consideration applicable to all incorporated cities or towns, and limited its operation to lands not laid out into city or town lots or blocks, the contention of appellant's counsel that incorporation under a general statute must be shown affirmatively, in order to authorize the proceeding, is not sustainable. It may well be conceded that under our constitution authority to arbitrarily disconnect and exclude territory from a city or town is vested in the legislature, without power to delegate the same to the courts, but jurisdiction to approve or disapprove the action of the city council in refusing to grant a petition like the one before us was rightfully conferred upon the judiciary by the following statutory provision: "Upon the failure of the city council or the board of trustees, as the case may be, to grant the request contained in a petition presented in accordance with the provisions of Sections 1114 and 1115, for thirty days after the last publication of the notice provided for in Section 1116, or upon a refusal to grant such request, the petitioners may present their petition to the circuit court of the county in which such city or town or the greater portion of it is situated, by filing such petition with the clerk of said court. Notice of such filing shall be served by the petitioners upon the mayor of the city or the president of the board of trustees of the town, as the case may be, together with a notice of the time and place when and where a hearing shall be had upon such petition, at least ten days before the date of such hearing.

The hearing on the petition may be had at a regular or special term of the circuit court or by the court in vacation." Comp. Laws, § 1117. By clearly expressed statutory terms, "the city council of the city or the board of trustees of the town, as the case may be," is the body having original jurisdiction of both the person and subject-matter, while the proceeding in circuit court is remedial, and in the nature of an appeal to a tribunal ever ready to exercise, in the interest of justice, a sound judicial discretion, as called for by Section 1118, Comp. Laws, which reads thus: "If upon the hearing the court shall find that the request of the petitioners ought to be granted and can be so granted without injustice to the inhabitants or persons interested the court shall so order. If the court shall find against the petitioners the petition shall be dismissed at the cost of the petitioners." To hold that such questions are not susceptible of judicial investigation would in many instances amount to a denial of justice to the landowner considering himself aggrieved, and no good reason can be given for declaring the statute unconstitutional. The validity of statutes involving the same principle has been affirmed in the following cases: Callen v. City of Junction City (Kan. Sup. ) 23 Pac. 652, 7 L. R. A. 736; City of Wahoo v. Dickinson, 23 Neb. 426, 36 N. W. 813; Blanchard v. Bissell, 11 Ohio St. 96; City of Burlington v. Leebrick. 43 Iowa, 252; Monk v. Town of George (Iowa) 53 N. W. 240.

Being thus brought to the merits of the case, we find no complaining bondholder, nor special reason for complaint on the part of the city. On the contrary, it clearly appears that the land disconnected by the court has at all times been disconnected in fact, and far removed from the inhabited portion of

the city.    No claim nor even conjecture is made that anything is likely to occur to render it necessary to plat any of such territory.    The facts and circumstances of the case forcibly exemplify the wisdom of the legislature in providing an avenue of escape for the citizen burdened without recompense by the retention of his land within city limits for revenue only.    The relief granted by the trial court being, in the language of the law, "without injustice to the inhabitants or persons interested," the judgment appealed from is affirmed.    ·

CORSON, J., dissenting.