## WICKHEM et al. v. CITY OF ALEXANDRIA.

It is only where a statute clearly and inevitably conflicts with the
Constitution that the courts will declare it void.

Pol. Code, § 1511, providing that, on failure of a city council to
exclude land from the city limits upon the owners' petition, such own-
ers may file a petition in the circuit court, and section 1512, authoriz-
ing the court to order that the petition be granted, if upon hearing
it appears it should be granted, are not unconstitutional as investing
the circuit court with legislative powers.

(Opinion filed, Sept. 3, 1909.)

Appeal from Circuit Court, Hanson County. Hon. FRANK B.
SMITH, Judge.

Petition by P. F. Wickhem and others against the City of
Alexandria. From a judgment for petitioners, and from an order
refusing a new trial, respondent appeals. Affirmed.

*P. A. Zollmann* and *E. E. Wagner*, for appellant. *T. J. Spang-
ler* and *H. J. Mohr*, for respondents.

WHITING, J. The plaintiffs herein petitioned council of the
defendant city, and prayed that certain lands belonging to plain-
tiffs and situate within the corporate limits of defendant be excluded
therefrom, in accordance with the provisions of sections 1509 and
1510 of the Political Code. The defendant, through its council,
refused the prayer of such petition, and plaintiffs presented their
petition to the circuit court in accordance with the provisions of
section 1511 of the Political Code, and, under the power in the
court vested by section 1512 of such Code, the circuit court granted
the petition after a trial on the merits, and the defendant has ap-
pealed to this court from the judgment of the circuit court, and
from the order of such court refusing a new trial.

There are several assignments of error set forth in the abstract,
some of which are not relied upon on this appeal. Among the as-

signments called to our attention by appellant's brief is an assignment to the effect that the evidence is insufficient to support the judgment. Counsel do not seem to urge this claim very strongly, and we are fully satised that there is no merit in same.

The only assignments which seem to be actually relied upon are those based upon the claim that sections 1511 and 1512, above referred to, are unconstitutional. The appellant recognizes the fact that this court, in the case of Pelletier v. City of Ashton, 12 S. D. 366, 81 N. W. 735, passed upon the question of the constitutionality of these sections and held the same to be constitutional; but appellant claims that the great weight of authority supports its contention, and asks for a reconsideration by this court of the constitutionality of these sections. Since the decision of the Pelletier Case, in 1900, two other cases based upon these sections have been before this court, and in those cases it seems to have been conceded that the sections were constitutional. It is a well-established rule of law that "only when the collision between the legislative and the fundamental law is certain and inevitable do the courts feel justified in declaring a law void." State v. Becker, 3 S. D. 29, 51 N. W. 1018. Or, as was said by the court in Henrico County v. City of Richmond, 106 Va. 282, 55 S. E. 683, 117 Am. St. Rep. 1001: "To doubt must be to affirm." We certainly should hesitate before overruling the former decision of this court and holding the law in question void.

It must be admitted that there is a conflict of authority upon the question raised, there being courts sustaining the position that by the sections under consideration the Legislature has conferred upon the courts legislative power, and that such sections are therefore unconstituional; but we do not think it can be held that the weight of authority supports such contention. No good purpose would be subserved by our reviewing in detail the authorities pro and con, or elaborating upon the opinion of Justice Fuller in the Pelletier Case. We are fully satisfied with the conculsion reached in that case, and will only say that, since the decision of that case, other courts, under statutes quite similar in effect with ours, have held to the same view. Incorporated Village of Fairview v. Giffee, 73 Ohio St. 183, 76 N. E. 865; Bisenius v. City of Randolph, 118

N. W. 127; Henrico County v. City of Richmond, 106 Va. 282, 55 S. E. 683; Young v. Salt Lake City, 24 Utah 321, 67 Pac. 1066. We would call particular attention to the reasoning of the Ohio and Virginia courts.

The judgment of the circuit court, and order denying a new trial, are affirmed.