HEINEMAN, Respondent, v. CITY OF ALEXANDRIA, Appellant.

WICKHEM et al., Respondents, v. CITY OF ALEXANDRIA, Appellant.

HELLER et al., Respondents, v. CITY OF ALEXANDRIA, Appellant.

BRANDT et al., Respondents, v. CITY OF ALEXANDRIA, Appellant.

(143 N. W. 291.)

**Municipal Corporations—Delegation of Power—Legislative Powers—Delegation to Judiciary.**

The power conferred upon city councils by Pol. Code, Secs. 1509, 1510, to exclude certain lands from the city, upon petition by owners, and conferred upon circuit courts by way of review, by Secs. 1511 and 1512, is not legislative, and may be reviewed by said courts, regardless of the fact that the resolution denying the petition was ratified by a vote of the people after submission to them under Pol. Code, Secs. 1214-1223, allowing a referendum on resolutions "having the effect of law."

(Opinion filed Oct. 6, 1913.   Rehearing denied Nov. 17, 1913.)

Appeals from Circuit Court, Hanson County.   Hon. R. B. Tripp, Judge.

Four actions, by Christ Heineman; P. F. Wickhem and others;

Alvin Heller and others; and William Brandt and others, against the City of Alexandria, in which plaintiffs as petitioners sued for orders disconnecting and excluding certain tracts of land from the corporate limits of defendant city. From judgments in favor of petitioners in each action, defendant appealed. Affirmed.

*P. A. Zollman,* and *E. E. Wagner,* for Appellant.

Sections 1508 to 1513, inclusive, Pol. Code, are in conflict with article 3, section 1 of the state Constitution, and also in conflict with sections 1214 to 1228, inclusive, of the Political Code. State ex rel. Shrader v. Polley, (S. D.) 127 N. W. 848.

The electors of the city of Alexandria had the right to do under sections 1214 to 1228, Pol. Code, what they did do, that is, petition the city auditor of the city of Alexandria to submit to a vote of the electors of the city of Alexandria for their rejection or approval, the resolution in question, refusing to disconnect the territory petitioned to be disconnected, unless the resolution came within the exceptions enumerated in article 3, section 1 of the Constitution.

A resolution of the city council annexing or excluding territory from the city limits thereof is a legislative act. Glaspell v. City of Jamestown, (N. D.) 88 N. W. 1023; State ex rel. Johnson v. Clark, (N. D.) 131 N. W. 715; Pellitier v. City of Ashton, (S. D.) 81 N. W. 735.

The Legislature, in granting to the courts the right to approve or disapprove the action of the city council in annexing or excluding territory from the city limits thereof, exceeded the authority conferred upon it by the Constitution; the authority to approve or disapprove being expressly reserved to the people in and by the Constitution. If the people had the authority to review the action of the city council, then the Legislature had no authority to confer such a right upon the court. Ex parte Andrew Pfahler, (Cal.) 88 Pac. 270, 11 L. R. A. (N. S.) 1092.

Both the electors and the courts have not the right to approve or disapprove the action of the city council in excluding or refusing to exclude property from the city limits thereof. If the the right to approve or disapprove is reserved to the people by the Constitution, then the courts cannot have such right.

*H. J. Mohn* and *Lauritz Miller,* for Respondent.

The resolution by the city council of Alexandria denying

plaintiff's petition does not come within the provisions of said constitutional and statutory provisions. The findings of the court make no mention of how the vote stood in the referendum election in question. It is found that there was such an election, but the result of said election is not found. The claim, therefore, that the voters of the city have decided the question adversely to th? plaintiff, is not supported by any facts before the court. Hence appellant is not now in position to take advantage of any alleged determination of plaintiff's petition by the voters of the city of Alexandria. Whether a referendum vote was had on the approval or rejection of the resolution, and how such vote resulted, is not decisive of the question, for, if the voters of the city and the city council had exclusive jurisdiction to decide the question at issue, it is immaterial whether a referendum vote was actually had or not. The court would have no jurisdiction of the matter in any event. Wickhem et al. v. City of Alexandria, (S. D.) 122 N. W. 597.

Respondent contends that section 1, article 3 of South Dakota Constitution, and sections 1214 to 1228 Revised Political Code, cannot be applied to the resolution of the city council of Alexandria denying plaintiff's petition, for the following reasons:

1st. The resolution in question is not a "law" or a resolution having the effect of law within the meaning of said constitutional and statutory provisions, and,

2nd. The question at issue is a judicial one, and therefore it does not come within the scope of the referendum provisions of the laws and Constitution of the state.

Section 1, article 3 of the Constitution, deals only with the legislative power of the state.

Only those acts of the Legislature which may be denominated as "laws" can be referred to a vote of the people under the referendum clause of the Constitution.

By analogy, it is only such acts of the city council which may be termed "municipal laws," that may be referred to a vote of the people.

The term "law," when used in reference to legislation, means a constitutional provision, a statute enacted by the Legislature, or an ordinance adopted by a city council, and does not include mere temporary resolutions, or every action that the city council may

·be called upon to take in the conduct of the business of the city. Section 2, Civil Code; Sec. 3, Civil Code; in re-Opinion of the Justices, 33 Atl. 1076, 66 N. H. 629; State v. Denny, 21 N. E. 252, 4 L. R. A. 79, 118 Ind. 382; Pimental v. City of San Francisco, 21 Cal. 357, 361.

Sections 1214 to 1228 Political Code embody the effort of the Legislature to comply with the mandate of section 1, article 3, of the Constitution, to provide for carrying out of the initiative and referendum provisions in municipalities, as regards legislative powers only. State ex rel. Subway Co. v. St. Louis, 145 Mo. 537; Ill. T. & S. B. Co. v. City, 76 Fed. 282.

The question is judicial and not legislative. Pelletier et al. v. City of Ashton, 12 S. D. 366, 81 N. W. 735; Wickhem et al. v. City of Alexandria, (S. D.) 122 N. W. 597; 8 Cyc. 863, and cases cited; Dillion's Mun. Corp., Vol. 1, Sec. 62, 5th Ed.; Forsyth v. Hammond, 166 U. S. 506 41 L. Ed. 1095.

Where the Legislature is prohibited by the Constitution, from passing any special laws creating a municipal corporation, the fixing of the boundaries of a municipality ceases to be a legislative function. People 'v. Ontario, 148 Cal. 625, 84 Pac. 205; Sec. 23, Art. 3, Constitution.

WHITING, P. J. The appeals in these four actions presenting but one and the same question, they were all submitted upon the briefs in the first action under stipulations providing that, subject to the approval of this court, the decision in the first action should be controlling in all.

Plaintiffs having, under section 1509, Pol. Code, petitioned defendant's council praying for orders disconnecting and excluding certain tracts of land from the corporate limits of said city, and their petitions having been denied, proceeded, under section 1511, Pol. Code, to submit their demands upon proper petitions to the circuit court of the county wherein defendant city is situated. Defendant, answering each of such petitions, pleaded that the resolution of defendant's council denying, plaintiffs' petition had been referred to a vote of the electors of defendant city under the provisions of sections 1214-1228, Pol. Code, and that the action of said council in passing such resolution had been sustained by said electors. The trial court found the facts such as to entitle petitioners to the relief asked for and granted them

,such relief, although it also found that the several resolutions had been submitted to a vote of the electors and that such electors had voted to sustain the same. The defendant appealed all four causes.

It is the contention of, appellant that the power conferred upon city councils under section 1509 and 1510, Pol. Code, and attempted to be conferred upon the circuit courts by sections 1511 and 1512, Pol. Code, is legislative in its nature; that the resolutions of the city council denying plaintiffs' petitions were therefore subject to referendum to the electors of said city and their action thereon was final; and further that, inasmuch as such power attempted to be conferred upon the courts is legislative in its nature, said sections 1511 and 1512 are unconstitutional and void and the circuit court was without any jurisdiction herein.

It will thus be seen that the sole question for our determination is whether or not the power given to the city council under sections 1509 and 1510, supra, and attempted to be conferred upon the courts by sections 1511 and 1512, supra, is legislative in its nature. If such power is legislative in its nature, the resolutions of the city council were each a "resolution having the effect of law" (section 1214, supra), and therefore subject to referendum to the electors, otherwise not; and furthermore, if such power is legislative in its nature, then, regardless of the referendum law, said sections 1511 and 1512, which attempt to confer such power upon the courts, are unconstitutional, otherwise not. The sole question thus presented to us upon this appeal is identical with that presented to this court, by the same counsel, in the case of Wickhem et al. v. City of Alexandria, 23 S. D. 556, 122 N. W. 597, wherein, after consideration of most exhaustive briefs upon both sides of such question, this court, while recognizing that there was a conflict among the authorities, held that the power was not legislative in its nature. At that time we cited numerous authorities supporting the conclusion reached by us. Appellant has, upon the present appeals, presented no further light upon this question. We see no reason to change the views then expressd.

The judgments appealed from are affirmed.