## In re YEARGAIN et al.

No. 5230.  Opinion Filed October 13, 1914.

(143 Pac. 844.)

**MUNICIPAL CORPORATIONS—Disconnection of Territory—Grounds.**
Where an incorporated town includes within its corporate limits 80 acres of land not platted in lots and blocks, the same being uninhabited and used exclusively for agricultural purposes, and one-fourth of a mile from any portion of such town which is platted into lots and blocks, and there is no probability of its being necessary for municipal purposes, and the owners derive no benefits from being within such corporate limits, on petition of the owners under chapter 7, Rev. Laws 1910, secs. 343-379, said land should be excluded and disconnected from the corporate limits of such town, and the fact that said town has a bonded indebtedness is not sufficient to justify a denial of the petition.

(Syllabus by the Court.)

*Error from District Court, Delaware County;*
*John H. Pitchford, Judge.*

The petition of S. A. Yeargain and another to disconnect territory from Grove, Okla., was denied, and petitioners bring error. Reversed and rendered.

*J. G. Austin,* for plaintiffs in error.

*J. L. Ballard,* for defendants in error.

LOOFBOURROW, J.   This is a proceeding under chapter 7, Rev. Laws 1910, to disconnect and exclude certain territory from the corporate limits of the town of Grove.   The petitioners filed the petition required by statute with the board of trustees of the town of Grove, and the board failing, for 30 days after the last publication of the notice provided for, to grant or reject the petition, petitioners then presented their petition to the district court, where the cause was submitted upon an agreed statement of facts which is as follows:

"Comes now the petitioners, S. A. Yeargain and C. E. Spring, by their attorney, J. G. Austin, and the town of Grove, Okla., by its attorney, J. L. Ballard, and agree that the following statement of facts signed by said attorneys shall be received in the hearing of the petition herein in said court, shall be filed with the papers in the case, and shall be considered as facts by the court in rendering his decision herein:

"First. That the corporate limits of the town of Grove, Delaware county, · Okla., were, by ordinance numbered 24, passed February 28, 1910, extended to include all of section 5, and the east one-half of section 6, township 24, north, range 24 east of the Indian base and meridian. ·

"Second. That by ordinance numbered 25, passed June 2, 1910, the following described territory was disconnected from the corporate limits of the said town of Grove, to wit: S. ½ of the S. E. ¼ of section 6, and all that part of the N. ½ of the N. E. ¼, and the N. ½ of the S. W. ¼ of the N. E. ¼, and the N. W. ¼ of the S. E. ¼ of the N. E. ¼ of section 5, which lies north of the right of the way of the Frisco Railroad, and the W. ½ of the N. W. ¼ of the N. E. ¼ of section 6, and the W. ½ of the S. E. ¼ of section 5, all in township 24 north, range 24 east of the Indian base and meridian.

"Third. That the procedure for annexing and disconnecting said territory, as stated, was had under sections 903 to 908, inclusive, of the Compiled Statutes of 1909.

"Fourth. That none of the territory so disconnected is now a part of the corporate limits of the town of Grove, and that none of said disconnected territory has been platted or the condition thereof changed, to render its annexation reasonably necessary for corporate purposes, since the same was disconnected.

"Fifth. That the W. ½ of the S. E. ¼ of said section 5, so disconnected for farm land, has no habitation thereon, and is not necessary or in any manner used for corporate purposes, and that the same lies between the territory sought to be disconnected by the petition herein and the present corporate limits of the town of Grove.

"Sixth. That the E. ½ of the S. E. ¼ of said section 5, sought to be disconnected by the petition herein, is now used, and always has been used, for farming purposes, has no habitation thereon, has never been platted into town lots or blocks, and adjoins on the north other lands used for farming purposes in the town of Grove, and that the map or plat submitted herewith and attached hereto is a correct representation of the present corporate limits of said town, said disconnected territory, and said territory sought to be disconnected in this proceeding.

"Seventh. That no part of the territory included in the S. E. ¼ of said section 5, or lying north thereof to the north line of said section, has ever been platted into town lots or blocks, and that also said territory is used for farming purposes, save and except that part used as right of way for the Frisco Railroad and that part used and occupied by the Grove Milling Company which immediate adjoins said railroad right of way and lies next to the half section line.

"Eighth. That the present needs and growth of said town, as indicated by the growth during the past years, does not indicate that any part of the E. ½ of the S. E. ¼ of section 5 is reasonably necessary for town-site purposes, but that same will continue to be used, in all probability, for a number of years for farming purposes only.

"Ninth. That during the year 1911 bonds to the amount of $35,000 were voted by the town of Grove, for the purposes of erecting an electric light and waterworks system, and that said bonds were issued and sold, and that said electric light and waterworks system was erected and is now in operation.

"Dated at Grove this 14th day of November, 1912."

Attached to and filed therewith as a part of the agreed statement of facts is the following plat or map:

The trial court found against the petitioners, apparently basing his decision entirely upon the fact that the property sought to be detached was within the corporate limits of the town of Grove at the time the bonds for a light and waterworks system were issued and sold, and to permit said property to be excluded from the corporate limits would proportionately increase the burdens of taxation upon those remaining within the corporate limits and relieve the petitioners of such burden.

The statute authorizing these proceedings was adopted from Dakota in 1890. The same statute in turn became a part of the statutes of the state of South Dakota. In the case of *Pelletier v. City of Ashton*, 12 S. D. 366, 81 N. W. 735, the second paragraph of the syllabus is as follows:

"Comp. Laws, secs. 1117, 1118 (sections 504, 505, Rev. Laws 1910), provide that, on failure of a city council to exclude unplatted land from the city limits on the owners' petition, such owners may file a petition in the circuit court, and if, on hearing, the court shall find such petition should have been granted, it shall so order. *Held* that, where an incorporated city included within its limits four sections of land, and only 80 acres thereof were platted, and the balance was cultivated land, and the owners received no benefit from its being within the city limits, and were subjected to increased taxation thereby, and

the land was not necessary for any public purpose, except to increase the city's revenue, such land was properly excluded by the circuit court after the city council had refused so to do."

This case was expressly approved by the Supreme Court of South Dakota in *Wickhem et al. v. City of Alexandria,* 23 S. D. 556, 122 N. W. 597. In the case of *Evans v. Council Bluffs,* 65 Iowa, 238, 21 N. W. 584, it is held:

"Where lands included within the limits of a city are used wholly for cultivation, and are not needed for city purposes, and are not benefited by being within the corporation, they should be severed from the city upon the petition of the owners."

This case called for the exercise of the sound discretion of the trial court, and, had it not been submitted to the trial court upon the agreed statement of facts, we should not feel disposed to disturb his decision. But, in the light of the agreed statement of facts, no benefits can be derived by the town of Grove, present or prospective, other than the revenue, while no benefits whatever will be derived by the owners of this property. Other property similarly situated has been detached, as shown by the plat and the agreed statement of facts. We are therefore of the opinion that the trial court erred in denying the relief asked by the petitioners.

The judgment of the trial court is therefore reversed and rendered.

All the Justices concur.