JOHNSON et al., Appellants, v. INCORPORATED TOWN OF
CASTLEWOOD, Respondent.

(168 N. W. 124).

(File No. 4325.   Opinion filed June 25, 1918.)

**Municipal Corporations—Excluding Taxable Property From Corporate Limits—Owner's Benefit by Inclusion, Injustice to Inhabitants by Exclusion—Revenue, How Affecting—Finding.**

A finding, in an action to have certain realty excluded from the limits of defendant incorporated town, that the petition cannot be granted without injustice to the town inhabitants and the persons interested, is unsupported by evidence failing to show the inhabitants will so suffer, or that petitioners derive any benefit whatever from being included within such limits; and the petition should not be denied merely because while the property remains inside, revenue to the town will result.

Whiting, P. J., taking no part in the decision.

Appeal from Circuit Court, Hamlin County. HON. CARL G. SHERWOOD, Judge.

Action by Gunder Johnson, Albert Johnson, Albert Amerson, and the Chicago & Northwestern Railway Company, against the Incorporated Town of Castlewood, S. D., to have certain of plaintiffs' realty excluded from defendants town limits. From a judgment dismissing the petition, and from an order denying a new trial, plaintiffs appeal. Reversed.

*Eugene P. Campbell,* for Appellants.
*Hall, Alexander & Purdy,* for Responden.t

Appellants cited:

Evans v. City, 65 Iowa, 239; 21 N. W., 584; Pellitier v. City of Ashton, 12 S. D., 366; 81 N. W. 735; Hunter v. City of Tracy (Minn.), 116 N. W., 922.

Respondent cited:

Secs. 1509, 1511, 1512, Pol. Code; Quaïey v. City of Brookings, 18 S. D. 581, 101 N. W. 713.

POLLEY, J. This is an appeal from a judgment dismissing a petition filed by appellants, requesting that a certain half section of land, owned by appellants, be excluded from the incorporated town of Castlewood. The petition was originally filed with the board of trustees of said town of Castlewood, under the provisions of sections 1508-1512, Pol. Code, and was, by that board, rejected. The petition was then filed in the circuit court of Hamlin county, where trial was had. The petition concededly states facts sufficient to entitle the petitioners to the relief prayed for, and the evidence submitted on behalf of petitioners at the trial appears to prove the facts alleged in the petition. But, at the close of the trial, the court made a purported finding of fact as follows:

"That the request of the petitioners and plaintiffs contained in their petition herein cannot be granted without injustice to the inhabitants of the said town and the persons interested."

There is no evidence to support this finding. The evidence does not show that the inhabitants will suffer any injustice by the granting of the petition, nor does it appear that the petitioners derive any benefit whatever from being included within the corporate limits of the said town. No reason of any kind appears why the granting of the petition should be objected to by the defendant, except that, so long as the premises involved remain within the

corporate limits of the town, said premises may be made a source of revenue to the town.

The judgment and order appealed from are reversed.

WHITING, P. J., taking no part herein.