SMART, et al., Appellants, v. CITY OF WESSINGTON SPRINGS, Respondent.

(199 N. W. 468.)

(File No. 5403.   Opinion filed June 26, 1924.)

**Municipal Corporations—Cities—Findings—Removal of Territory—Judgment Refusing to Exclude Territory Sustained by Findings.**

Findings that land sought to be removed from within city limits was not tillable, was desirable residence property, had

been greatly benefited by municipal improvements, and as to increase in population of city, **held** to sustain judgment refusing to permit such removal.

Appeal from Circuit Court, Jerauld County; Hon. FRANK B. SMITH. Judge.

Proceeding for removal of land from within corporate limits by Wellington F. Smart and others aginst the City of Wessington Springs. From judgment and order in favor of defendants, plaintiffs appeal. Affirmed.

*Null & Royhl,* of .Huron, for Appellants.

*J. H. Lammers,* of Wessington Springs, and *T. J. Spangler,* of Mitchell, for Respondent.

ANDERSON, J. The city of Wessington Springs is located in Jerauld county, this state. It is built at the foot of Wessington Hills, and extends east and south from the Hills. These hills extend almost due north and south. Through the hills the land is very rough with deep ravines intersecting same and wooded in the gulches. They extend along the west side of the city, and on the south side thereof. The area of the incorporated city is 1,120 acres as shown by court's finding 7. Petitioners seek to exclude 160 acres of the 1,120-acre tract. The jurisdictional facts appear to be admitted by the decision and decree. The 160-acre tract abuts platted portion of city, but is entirely in the Wessington Hills, or brakes, and except for 30 acres of this 160-acre tract is not tillable, but is used for grazing purposes only. It appears that the land sought to be excluded was never laid out into lots and blocks.

Addressing ourselves to the only question in the case, the sufficiency of the findings to sustain the judgment, let us see what the court finds. The court finds that the population has increased 46 per cent. in the last six years; that substantial improvements have been made including a college building in the proximity of the land sought to be excluded; that the population in 1921 was 1,678; that in 1905 it was 320; that the city has and will be put to great expense to care for the flood waters which flow from the land sought to be excluded, and will probably be compelled to establish a drainage system over these lands; that the lands adjacent thereto in the east are all platted; that the city has made extensive improvements in extending sewer and

water mains approximately the entire length of the lands; by reason of the improvements made said lands have been greatly increased in value; that these lands are desirable for city and residence purposes; that to grant said petition would reduce the area of the city so as to interfere with police protection; that said lands are necessary and demanded for residence purposes to meet the demands of the growth of the city. On appellants' own theory we think the findings amply support the judgment. It is found that appellants are benefited by being included in the city in the increase in the value of their lands, in police protection, and drainage; and it is found that the city would be injured by the exclusion of these lands because they are necessary for city and residence ·purposes.

In view of this record the judgment and order of the trial court should be affirmed; and it is so ordered.

Note.—Reported in 199 N. W. 468. See, Headnote, American Key-Numbered Digest, Municipal corporations, Key-No. 30, 28 Cyc. 194.