DE NEUI et al, Respondents, v. CITY OF AVON, Appellant.

(220 N. W. 917.)

(File No. 5903.   Opinion filed July 28, 1928.)

*John E. Tipton*, of Lake Andes, and *Helmuth D. Giedd*, of Avon, for Appellant.

*James Kirk, Jr.*, of Avon, for Respondents.

MISER, C.   Plaintiffs are the owners of the southeast quarter of section 33-95-61, less certain outlots, in the corporate limits of the city of Avon, Bon Homme county, S. D., and reside on the south half thereof.   In this proceeding they seek to exclude the south half of said quarter.   Prior to the present proceeding, plaintiffs had, on March 1, 1923, filed a petition with the city auditor and the city council asking to have the entire southeast quarter, less certain outlots, excluded from the corporate limits.   Thereafter, on March 21, 1924, the court duly made findings that all of said

quarter section, less certain outlots, was farming land and used solely for farming purposes, that the *south half* of the said southeast quarter was not necessary to the city of Avon for any public purposes, except to increase the city's revenue, and that the owners of said land receive no benefit from its being within the city limits, and concluded that plaintiffs were entitled to a judgment excluding the *south half* of the southeast quarter from the city limits. Judgment thereon was set aside and new trial granted by the trial court on motion of defendant city, because the judgment excluded only a part of the land which plaintiff had sought to have excluded, contrary to the rule announced in the case of Cole v. City of Watertown, 34 S. D. 69, 174 N. W. 91, to the effect that "the court cannot exclude part of the territory described in the petition." Thereafter, on June 26, 1924, petition was duly presented to the mayor and city council in which plaintiffs instituted the present proceedings, this time seeking to exclude only the south half of the southeast quarter. In other words, plaintiffs were endeavoring to legally obtain the same relief which the court had theretofore granted them in its void judgment, and, while the former proceeding was still pending, filed their new petition with the city auditor, and thereafter their petition in circuit court.

The defendant city, in its answer, alleged that the plaintiff petitioners are also the owners of the north half of the southeast quarter, except certain outlots, containing 59.67 acres, which tract of 59.67 acres lies immediately north of the property sought to be excluded and immediately south of the platted and closely built-up portion of the city, and also that the city had made certain improvements, naming them, and, for a further defense, set up the former proceedings had in circuit court and that the former case was still pending. Upon the trial, the evidence showed that the nearest corner of the land sought to be excluded was 909 feet from the platted part of the city; that the taxes were much higher upon the premises sought to be excluded than upon property of like character and value outside of the city limits; that the population of the town in 1910 was 450, in 1915 was 525, and in 1920 was 630; that there were 640 acres of land within the city limits, of which approximately one-fourth was platted, and that there were not to exceed twelve residences in the entire south 320 acres of the city or south of the Chicago, Milwaukee & St. Paul Railway

Company's track, which practically divides the town in half; that the city has a waterworks with a main extending within 66 feet from the northwest corner of the 59-acre tract not sought to be excluded, and of correspondingly greater distance from the 80-acre tract sought to be excluded, and also a sewer system which does not reach the 80-acre tract sought to be excluded, and that, though the city has spent $33,000 on a waterworks system and $27,000 on a sewer system, and has a bonded indebtedness therefor of $33,000, to pay for which petitioner's land has been taxed in the past and will, unless excluded, be taxed in the future, yet this has been without any corresponding benefit or possibility of benefit, to petitioner, whose farmhouse is situated over three-fourths of a mile distant from the nearest water main; that all of said land is farming land, and has been and is used solely for farming and agricultural purposes, and is not necessary to the city of Avon for any public purpose, and the owner of said land receives no benefit from its being within the city limits, and is subjected to increased taxation therefor.

Before the trial of this second action in circuit court, plaintiffs asked leave to dismiss without prejudice the former proceeding, and a formal order to that effect was filed on November 28, 1924, wherein it was recited that, before the commencement of the trial on the 7th day of November, 1924, plaintiff had asked leave to dismiss without prejudice the former proceeding, and that leave had, at that time, been granted to dismiss in accordance therewith. Thereafter, by a judgment dated November 8th, the court again ordered that the south half of said southeast quarter be excluded from the corporate limits of the city. This appeal is from the judgment and order denying a new trial.

There are three assignments of error. The first is that the trial court erred in not dismissing the second proceeding upon the motion made by the defendant in the second trial, for the reason that the former proceeding was then pending. The second is that the court erred in excluding the property, for the reason that the stipulated facts show the property excluded to be necessary for the convenient use of the city in its growth and for the further expansion of the city. And the third is that the court erred in entering judgment excluding the property, for the reason that the facts showed that the city has especially prepared that part of the city for dwelling purposes.

As to the second and third assignments of error, no reason appears for setting aside the findings of fact, which are amply supported by the evidence. The conclusions of law thereon and the judgment are in accordance with the law as announced in Zajicek v. City of Wessington, 53 S. D.315, 220 N. W. 913, and Klosterman v. City of Elkton, 53 S. D.324, 220 N. W. 910, decided at this term.

As to the first assignment of error, namely, the refusal of the court to dismiss the second action for the reason that a former proceeding was then pending, inasmuch as motion to dismiss said former proceeding was made before trial of the second proceeding, and the court did thereupon grant plaintiff leave to dismiss, no error was committed. 1 Cyc. 25; 1 C. J. 94.

The judgment of the lower court is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.