KAISER, Respondent, v. TOWN OF RAVINIA, Appellant.

(236 N. W. 294.)

(File No. 6994.   Opinion filed April 13, 1931.)

*J. E. Tipton,* of Lake Andes, for Appellant.

*F. B. Morgan,* of Wagner, for Respondent.

WARREN, J.   This action was commenced for the severance and exclusion of certain lands from the limits of the incorporated town of Ravinia, in Charles Mix county, S. D.   The plaintiff alleged in his complaint that he was the sole owner of 40 acres of land located within the corporate limits and on the border thereof;

that it was not platted into lots or blocks, and was not required by the municipality for the expansion of population, and derived no benefit by being within the corporation limits, and that the land was exclusively used for farming and agricultural purposes, and subject to an extortionate and confiscatory tax.

Certain objections were filed by the owners of certain municipal water bonds, and the defendant and appellant town of Ravinia; also a protest from Charles Mix county, which claimed to have guaranteed certain bonds purchased with the permanent school funds of the state of South Dakota. This case was tried to the court, and the court found that the proceedings were regular in all respects, and that the town of Ravinia had a population of 155 inhabitants, a bonded indebtedness of $24,500, and a total assessed valuation of $181,341; that the land sought to be excluded from the corporate limits of said town and upon the boundary thereof was not laid out in plats or lots, or blocks, and was uninhabited, with no buildings thereon, and was used exclusively for agricultural purposes, nor was it required by the defendant for residential or business purposes; that said land was subject to a much higher tax than similar agricultural lands outside of the corporate limits; that, after the exclusion of said land, there would still remain within the corporate limits of said town 240 acres of land which would be sufficient for all municipal purposes. From the evidence, it would be noted that for the years 1926, 1927, and 1928, the plaintiff paid an average tax of $2.50 per acre per annum; that similar tracts outside of the city limits, but still within the limits of the consolidated school district, paid an average tax of $1.25 per annum.

There was some conflict regarding the benefits to plaintiff's land on account of drainage, but the learned trial court found the evidence preponderated in the favor of the plaintiff. A plat introduced as evidence shows that a section line passes plaintiff's land. Improvements made by the city on this highway undoubtedly were made for the purpose of encouraging and assisting people to pass into and from the town of Ravinia. The trial court undoubtedly concluded that the improvements were of considerable benefit to the appellant but of slight benefit to the respondent.

■ Appellant complains that the withdrawal of this land will decrease the assessed valuation and impair the security for the

bonded indebtedness. A calculation discloses that the withdrawal of this tract would decrease the assessed valuation of all the property about $1\frac{1}{3}$ per centum. From the evidence to the effect that the bonded indebtedness is $24,500, and the present assessed valuation exceeds $180,000, it would appear that the security is adequate; the assessed value exceeding the bonded indebtedness almost eight times. This court has, upon a number of occasions, considered the excluding of lands from municipalities and the statutory provisions with reference thereto. In Zajicek v. City of Wessington, 53 S. D. 315, 318, 220 N. W. 913, 914, our court committed itself as follows:

"The statutory provisions with reference to the exclusion of territory from the corporate limits of a municipal corporation are embraced within sections 6555, 6556, 6557 and 6558 of the Revised Code 1919. The statute itself contains no rule to guide the governing body of a municipality in acting upon the petition for exclusion, but section 6558 contains the following rule for the guidance of the circuit court in case of presentation of petition to it. This section is as follows:

" 'If upon the hearing the court shall find that the request of the petitioners ought to be granted and can be granted without injustice to the inhabitants or persons interested, the court shall so order.'

"This is almost identical in wording and is identical in meaning with section 1118 of the Compiled Laws of 1887; and this was carried into the Rev. Code of 1903 (section 1512) without change. The Legislature has not further modified nor explained the rule for the guidance of the trial court, but this court has repeatedly passed upon the question of exclusion. The earliest case was Pelletier v. City of Ashton, 12 S. D. 366, 81 N. W. 735. Since that time, the court has decided Weiland v. Ashton, 17 S. D. 621, 98 N. W. 87; Coughran v. Huron, 17 S. D. 271, 96 N. W. 92; Qualey v. Brookings, 18 S. D. 581, 101 N. W. 713; Wickhem v. Alexandria, 23 S. D. 556, 122 N. W. 597; Oehler v. Big Stone City, 16 S. D. 86, 91 N. W. 450; Heineman v. Alexandria, 32 S. D. 365, 143 N. W. 291; Mack v. Costello, 32 S. D. 511, 143 N. W. 950, Ann. Cas. 1916A, 384; Cole v. Watertown, 34 S. D. 69, 147 N. W. 91; Johnson v. Castlewood, 40 S. D. 493, 168 N. W. 124; Thiel v. Alexandria, 41 S. D. 427, 171 N. W. 209; Kreger v. Clear Lake, 46 S. D.

614, 196 N.W. 498; Lockhart v. Clear Lake, 46 S.D. 618, 195 N.W. 500; Klosterman v. Elkton, 46 S.D. 136, 191 N.W. 341; LaCome v. Dolton, 48 S. D. 122, 202 N. W. 389; Smart v. City of Wessington Springs, 47 S. D. 486, 199 N. W. 468. At the present term, this court has handed down opinions in Betts v. City of Alexandria, 53 S. D. 240, 220 N. W. 494; De Neui v. City of Avon, 53 S. D. 312, 220 N. W. 917; and Klosterman v. City of Elkton, 53 S. D. 324, 220 N. W. 910."

The other reason against exclusion is found in the fact that a section line highway runs along the south border of respondent's 40 acres. The town has graded that road twice in the five years preceding the trial and has kept it dragged and the weeds mowed. While the gutters along this road drain the water which falls upon the land to the south of it, the water which falls on respondent's forty lying north of the road drains to the north, and therefore out of the town, so that the only direct benefit from grading this highway is such as will accrue to any landowner from having a graded and dragged highway running past his place to the platted and occupied part of the town where the stores, post office, churches, and school are located.

The reason, however, most strenuously urged by appellant is that the continued exclusion of lands is causing the disintegration of the town, so that in a short time there will be no property left within the town limits except the platted portion thereof and non-taxable Indian land, so that, whereas it was once necessary to levy for civil purposes only 11.07 mills on an assessed valuation of $301,000, it is now necessary to levy 22.41 mills on an assessed $181,000. How much of this reduction in assessed valuation is due to exclusion of land, and how much is due to depreciation of value, does not appear, nor does it appear how much of the increase in the levy is due to the fact that the town now has a water system and a storm sewer system, which it formerly did not have, neither of which are apparently of any present benefit to respondent's property. This question of whether it should be permitted to withdraw land from a town, thereby freeing it from all municipal debts theretofore incurred, was discussed in Zajicek v. City of Wessington, 53 S. D. 315, 220 N. W. 913, 916. It would seem, however, that inasmuch as respondent has for ten years paid on the cost of building a storm sewer system and a water system,

from neither of which he receives any direct benefit, he may have paid all that he should be required to pay before exclusion of his 40 acres is permitted. This case presents a close question. From the evidence, it would seem that the trial judge might well have permitted or denied the exclusion. Such being the fact, we are of the opinion that the judgment should be affirmed. We are of the opinion that many of the 40's which have heretofore been excluded were beyond question entitled to be excluded. It is entirely possible that a court in the future may say that not another 40 shall be excluded.

We have carefully considered all of the assignments of error urged by appellant, and find that the weight of authority is that the existence of bonded indebtedness is not sufficient justification for denial of exclusion. We believe that the findings are fully supported by the evidence, and that there was no abuse of discretion on the part of the trial court which would warrant this court in disturbing the judgment appealed from. Caster v. Town of Dante, 54 S. D. 572, 223 N. W. 939.

The judgment and order appealed from are affirmed.

POLLEY, P. J., CAMPBELL and ROBERTS, JJ., and MISER, C., sitting in lieu of RUDOLPH, J., concurring.

RUDOLPH, J., not participating.