KLOSTERMAN .et al, Respondents, v. CITY OF ELKTON,
Appellant.

(191 N. W. 341.)

(File No. 5112. Opinion filed December 12, 1922.

**Municipal Corporations—Exclusion of Territory—Exclusion of Land
From City Limits Because Property Within Limits Was More
Heavily Taxed Than Outside Property Held Error in View of
the Facts.**

Where a city embracing nine quarter sections of land had
made improvements during two years amounting to $85,000,
and constructed a public school building less than three blocks
from a certain quarter section in the corner of the city, and
the owners of such quarter section had a residence only about
three-fourths of a mile from the center of business in the city,
and only 1,500 feet from the nearest fire hydrant, and enjoyed
municipal telephone connection and a graded road maintained
by the city, and the electric light line ran along such land, it
was error for the court to exclude such quarter section from the
city limits on petition giving as the only reason for segregation
the fact that the property within the city limits was more
heavily taxed than the property outside of city limits.

Polley, J., dissenting.

Appeal from Circuit Court, Brookings County; Hon. W. N.
Skinner, Judge.

Action by C. H. Klosterman and another against the City of
Elkton. From judgment for plaintiffs, and from and order deny-
ing a motion for new trial, the defendant appeals. Judgment and
order reversed.

*E. A. Berke,* of Elkton, for Appellant.

*Alexander & Alexander,* of Brookings, for Respondents.

Appellant cited: Qualey v. City of Brookings (S. D.), 191
N. W. 713; Christ v. City of Webster (S. D.), 74 N. W. 744;
28 Cyc., pp. 196, 197; Secs. 6279, 6301, Code 1919; Sec. 6169,
subd. 43, 57.

Respondent cited: Secs. 8573, 8575, Code 1919; Morrison
v. Town of Lafayette (Colo.), 184 Pac. 301; Thiel v. City of
Alexandria (S. D.), 171 N. W. 209; Johnson v. Castlewood (S.
D.), 168 N. W. 124.

GATES, P. J. The city limits of Elkton, in Brookings coun-
ty, embrace nine quarter sections of land. See plat attached.

Plaintiffs, the owners of the quarter section in the southwest corner, petitioned the city council to exclude their land from the city limits, which request was denied. Upon review the circuit court excluded it, and at the same time excluded the north "80" of the quarter section in the northeast corner of the city limits. From the action of the trial court in excluding plaintiff's land, the city has appealed.

Probably the trial court felt bound to grant the petition in view of the decision of this court in Thiel v. City of Alexandria, 41 S. D. 427, 171 N. W. 209. The only reason respondents advance for the segregation is the matter of increased taxation on property within, as compared with property without, the city limits. Elkton is a community of 872 persons; has made improvements in the last two years amounting to $85,000; has five churches, two schools, and two railroads. The public school building is in the third block east of the northeast corner of respondents' land, and about four blocks from their residence. The residence is about 60 rods south of their northeast corner, and is about three-fourths of a mile from the center of business. It is about 1,500 feet from the nearest fire hydrant. In 1919 an addition was platted in the quarter adjoining it on the east, in which several buildings have been built. The tendency of growth is to the southwest. The highway on the east is a graded road maintained by the city. Along it runs the electric light line. Plaintiffs

have municipal telephone connection. The plans of the city engineer contemplate a sewer system discharging to the southwest.

In our opinion, if this tract is to be segregated, then all portions of the city that do not contain platted lots as shown by the above plat are likewise entitled to be excluded. In our opinion, the showing made by the city in this case entitled it to retain the lands of plaintiff within the city limits. This case shows facts much more favorable to the retention of the land within the city limits than did Thiel v. City of Alexandria, supra.

The judgment and order appealed from are reversed.

POLLEY, J., dissents.

Note—Reported in 191 N. W. 341. See American Key-Numbered Digest, Municipal Corporations, Key-No. 30, 28 Cyc. 194-197.

On power of city to extend exercise of taxing power beyond corporate limits, see notes in 15 L. R. A. 294, and L. R. A. 1918C, 528; Taxation of farm lands within municipal limits, 26 R. C. L. 336.