KREGER, Respondent, v. CITY OF CLEAR LAKE, et al, Appellants.

(195 N. W. 498.)

(File No. 5203.   Opinion filed October 18, 1923.)

1. **Evidence—Value—Common Knowledge that Proximity to City Enhances Value of Farm.**

   It is a matter of common knowledge that close proximity to a town or city greatly enhances the desirability of a farm.

2. **Appeal and Error—Findings—Findings and Decision in Conflict with Law Not Sustained.**

   The rule that the circuit court's findings and decision must be sustained unless there is a clear preponderance of evidence against them is inapplicable where the decision is in direct conflict with the law as laid down by the Supreme Court.

3. **Municipal Corporations—Exclusion of Territory—Owner Held Not Entitled to Exclusion of Farm from Corporate Limits.**

   The owner of a farm within a few moments' walk of the churches, schools, courthouse, stores, etc., of a city, and receiving material benefits from the public utilities, streets, business, and municipal buildings thereof, **held** not entitled to exclusion of the land from the corporate limits merely because of burdensome tax.

      Dillon, J., dissenting.

Appeal from Circuit Court, Deuel County; HON. W. N. SKINNER, Judge.

Action by William Kreger against the City of Clear Lake and others. Judgment for plaintiff, and defendants appeal. Reversed.

*Wiley W. Knight,* of Clear Lake, for Appellants.

*T. J. Law,* of Clear Lake, for Respondent.

Appellant cited: Rev. Code 1919, Secs. 6555-6558; Pelletier v. City of Ashton, 12 S. D. 366, 81 N. W. 735; Qualey v. City of Brookings, 18 S. D. 581; Johnson v. Town of Castlewood, 40 S. D. 493, 168 N. W. 124; Thiel v. City of Alexandria, 41 S. D. 427, 171 N. W. 209.

Respondent cited:   Cole v. City of Watertown (S. D.), 147 N. W. 91; State v. Pierre, 90 N. W. 1047, 15 S. D. 559.

SHERWOOD, J.   This action was brought to exclude from the corporate limits of the city of Clear Lake the N. W. ¼ 22-115-49, containing 156 acres.

Defendant answered:   That plaintiff was the owner of out-lots 2 and 3 in section 22, consisting of 2½ acres bounding the premises above described on the east.   That plaintiff had a fine residence on these outlots at the corner of Fifth and Ninth streets, in said city, close to the closely built up portions thereof.   That the sidewalks of the city lead up to said outlots.   That the city has constructed a cross walk across Ninth street leading to plaintiff's residence.   That plaintiff's residence is only four blocks from the county courthouse and city schoolhouse.   That the city has a water, sewer, and electric light system and plaintiff's residence is connected with and has the benefit of each of them.   That plaintiff has a large barn and outbuildings a few rods west of his dwelling house on the land sought to be excluded, and within reach of the city hydrant.   That the city maintains a fire department, chemical engine, hose cart, auto truck, and in case of fire defendant would be entitled to receive and would receive the services of the fire department.   That the city has a public library, a city hall costing $10,000, sewer system costing about $28,000, new high school costing about $60,000.   The city is bonded for such improvements in the sum of $40,000.   That all of above debts were contracted while plaintiff was a resident and elector of the city, and during all said time plaintiff's premises have been within said city, and plaintiff while much of said bonded debt was being contracted, was a member of the city council.   That Clear Lake is a growing city, and the permanent county seat of Deuel county.   That a courthouse has been recently erected in said city at a cost of $135,000, which is only about five blocks from the eastern boundary of the land sought to be excluded.

This case was tried to the court.   The evidence clearly proved substantially all the allegations set forth in defendant's answer, and established the further fact that the city had a sinking fund of $12,324.23, a total consolidated city tax of 40.4 mills, and that the total consolidated tax, outside the city, but within the school district, was 27.7 mills; that plaintiff's tax on this farm for 1920

was $622.16, and would have been $195.58 less if his land had been excluded from the city. It further appeared from the evidence that there was a large stock barn, small granary, and small dwelling house on the land sought to be excluded; that all the buildings on the land plaintiff seeks to exclude are within reach of the city fire hose, and are within about three blocks of the city hydrant, and that the city has 1,300 feet of usable fire hose and that the city fire department had actually put out a fire in the yard by the barn on the land sought to be excluded. There appears to be no reason why plaintiff desired to be set off from the city except to be exempt from this extra tax.

In Johnson v. Incorporated Town of Castlewood, 40 S. D. 493, 168 N. W. 124, this court held that the evidence did not show any injustice to the town by excluding plaintiff's land, and no benefit to petitioner by being included in the corporation; that no reason of any kind appeared for keeping plaintiff's land in the corporation except the revenue derived by it from taxation.

In Thiel v. Alexandria, 41 S. D. 427, 171 N. W. 209, this court held there was no claim by the city that any of the public utilities of the city were of any benefit to the land; that the taxes on plaintiff's land inside the corporation were practically four times as great as land of like character outside the corporation, and there was no reason shown why defendant desired to keep plaintiff's land in the corporation except the revenue it derived from taxation.

In Klosterman v. City of Elkton (S. D.), 191 N. W. 341, which was decided December 12, 1922, more than four months after the learned trial court announced its decision in the instant case, we said:

"In our opinion, if this tract is to be segregated, then all portions of the city that do not contain platted lots as shown by the above plat are likewise entitled to be excluded. In our opinion the showing made by the city in this case entitled it to retain the lands of plaintiff within the city limits. This case shows facts much more favorable to the retention of the land within the city limits than did Thiel v. City of Alexandria, supra."

It will be observed that the decision in Klosterman v. City of Elkton limited and more closely defined the rules relating to exclusion of property from a municipal corporation. If that case

had been decided, and such decision before the learned circuit judge when he decided the instant case, a different conclusion would undoubtedly have been reached by him in this case.

[1]   It will also be observed that in this case the answer alleges and the evidence clearly discloses that plaintiff has received and will receive material benefits and advantages to this land from the public utilities of the city and the proximity to the streets, walks, business houses, and municipal buildings, derived by reason of his land being adjacent to the city plat.  He has the use of the city streets from the east line of his land, the use of sidewalks and electric lights up to within one block of his land, of the city water hose and fire company in case of fire.  He is within five blocks of the city library of more than 1,000 volumes and the city hall, all of which the city paid to construct and pays to keep up by taxes on its citizens.  The occupants of this farm are within a few moments' walk of the churches, schools, courthouse, stores, shops, elevators, markets, and amusements of the city.  They use the city streets almost exclusively for marketing their crops and transacting much of their daily business.  It is a matter of common knowledge that such close proximity to a town or city, with its privileges, greatly enhances the desirability and value of any farm.

[2]   The rule that the findings and decision of the circuit court are to be sustained unless there is a clear preponderance of the evidence against them is not applicable to this case, because the decision is in direct conflict with the law as laid down by this court in Klosterman v. City of Elkton, supra.

[3]   This case shows facts even more favorable to the retention of the land within the city limits than did Klosterman v. City of Elkton, supra, and under the rule announced in that case the judgment of the circuit court must be reversed.

It is so ordered.

DILLON, J. (dissenting).   The judgment of the trial court is presumed to be correct.  This court should not in any manner encroach upon the duties and rights of the trial judge.  He is entitled to his opinions, and his decision imports verity, and ought to stand unless errors of law are clearly shown.  He should be free to draw his own inferences on the evidence, on the credibility of the witnesses, and on his own inspection of the property sought

to be excluded, and his conclusions on these matters is entitled to great weight. This court does not act as a trial court, but simply reviews questions of error of the lower court, and by virtue of that power of revision passes on questions of law, or this court may review the facts and apply the law and from them determine whether the lower court erred in its rulings and judgment. If the powers of the higher court be extended to overriding the lower court on questions of fact it then becomes the trial court, and takes away all power from the lower courts, and makes their decisions merely advisory.

In my judgment the decision of the lower court should be affirmed.

Note.—Reported in 195 N. W. 498. See, Headnote (1), American Key-Numbered Digest, Evidence, Key-No. 18, 23 C. J. Sec. 1993 (1924 Anno.); (2) Appeal and error, Key-No. 842(1), 4 C. J. Sec. 2537; (3) Municipal corporations, Key-No. 30, 28 Cyc. 196 (1924 Anno.).

On questions relating to the power of city to extend exercise of taxing power beyond corporate limits, see notes in 15 L. R. A. (N. S.) 294 and L. R. A. 1918C, 528.