Albert Rothbaum et al., copartners as Rothbaum & Astrahan, Appellees, v. Samuel Solomon et al., Appellants.

Gen No. 19,329.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. ISAAC HUDSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed June 15, 1914.

### Statement of the Case.

Action by Albert Rothbaum and Mandel Astrahan, copartners trading as Rothbaum & Astrahan, against Samuel Solomon and Sarah Solomon, his wife, and Morris Solomon and Sarah Solomon, his wife, to recover commissions alleged to be due the plaintiffs for negotiating an exchange of real estate for defendants. The case was tried by a jury. The defendants filed a joint plea of the general issue, but at the time of the trial none of them were present in court and no evidence was introduced in their behalf. The court instructed the jury to find the issues for the plaintiffs and to assess plaintiffs' damages at six hundred dollars. Subsequently, during the argument on a motion

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by defendants for a new trial; the plaintiffs, at the suggestion of the court, entered a remittitur of four hundred dollars, and the court thereupon refused to grant a new trial and entered judgment against the defendants for two hundred dollars. To reverse the judgment, defendants appeal.

HARRY C. DIAMOND and JAMES F. HUTCHISON, for appellants.

PERLMAN & ROSENBERG, for appellees; SAMUEL PLAME, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. CONTINUANCE, § 10*—*when denial of motion not an abuse of discretion.* Refusal of court to grant a motion made by defendants' attorney for a continuance when the case was called for trial on the ground that he had learned only the evening before that the case would be called for trial and that he had been unable to communicate with his clients as they were out of the city, *held* not an abuse of the court's discretion where no affidavits were then presented making any showing as to diligence or as to a meritorious defense.

2. BROKERS, § 93*—*when direction of verdict for commissions not improper.* In an action to recover commissions for negotiating an exchange of real estate for defendants, the giving of an instruction directing a verdict for plaintiffs, *held* not improper, where no evidence was offered by defendants, and by the terms of the contract, which it was admitted by defendants' affidavit of defense was executed by them, a certain sum was to become due plaintiffs though the deal was not consummated, provided such failure of consummation was due to the fault of defendant, and the uncontradicted evidence disclosed the failure of consummation to be their fault.

3. BROKERS, § 80*—*when proof of tender of deed for exchange of real estate unnecessary to recover commissions.* In an action to recover commissions for negotiating an exchange of real estate, where defendants agreed to pay commissions if the deal was not consummated because of their fault, *held* it was not incumbent on

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiffs to prove that a deed had been tendered to defendants, where the evidence disclosed that the defendants unconditionally refused to consummate the deal.

4. APPEAL AND ERROR, § 1520*—*when direction of verdict for an excessive amount harmless.* Error of court in directing a verdict for plaintiff for an amount not warranted by the evidence cannot be complained of where the amount was corrected by a remittitur and judgment was entered for the proper amount.