## SCHOOF, Respondent, v. HOAGLAND, Appellant.

### (199 N. W. 468.)

(File No. 5356. Opinion filed June 26, 1924.)

1. Brokers—Contracts—Notice—Contract Held to Entitle Broker to Commission if He Procured Purchaser Before Certain Date.

Broker held entitled to commission for procuring purchaser for land before certain date and before notice of revocation, though without his knowledge owner had already sold to another.

2. Brokers—Evidence—Broker Held Entitled to Commission, Though He Did Not Bring Parties Together or Present Signed Contract to Owner.

Broker procuring one ready, able, and willing to purchase land was entitled to commission, although he did not bring parties together nor present to owner contract signed by purchaser, where these acts would have been futile because owner had already sold land to another.

Appeal from Circuit Court, Potter County; Hon. J. H. Bottom, Judge.

Action by William Schoof against F. E. Hoagland From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Sargent & Westphal,* of Gettysburg, for Appellant.

*D. J. O'Keeffe,* of Pierre, for Respondent.

Appellant cited: Rees v. Pellow, 97 Fed. 167; Taylor v. Martin, (La.) 33 So. 112; Evans v. Gay, (Tex.) 74 S. W. 575; Jayne v. Drake, (Miss.) 41 So. 372; Kolb v. Bennet Land Co., (Miss.) 21 So. 233; Steensgard v. Smith, (Minn.) 44 N. W. 668; Ahern v. Baker, (Minn.) 24 N. W. 341; 9 C. J. 722; Hallstead v. Perrigo, (Neb.) 126 N. W. 1078; Waterman v. Boltinhouse, 82 Cal. 659, 23 Pac. 195; Swaney Land Co. v. Bradford, (Ia.) 165 N. W. 362; Prat v. Patterson, 112 Pa. St. 475, 3 Atl. 858; Lieuwen v. Kline, (Ia.) 120 N. W. 312; Mattingly v. Penny, (Cal.) 39 Pac. 200; Watters v. Dancey, 23 S. D. 481, 122 N. W. 430; Johnson Bros. v. Wright, (Ia.) 99 N. W. 103; Sanden & Huso v. Ausenhus, (Ia.) 168 N. W. 801; Baars v. Highland, (Minn.) 67 N. W. 1148; Mundy v. Meyer, (Nebr.) 159 N. W. 404; Edward v. Laird, (Cal.) 134 Pac. 345; Brow v. Mason, (Cal.) 99 Pac. 867; Cone v. Keil, (Cal.) 124 Pac. 548; Weitzel v. Layson, (S. D.) 121 N. W. 868; Rodman v. Manning, (Ore.) 99 Pac. 657, 20 L. R. A. (N. S.) 1158; Christenson v. Mille Lacs Land & Loan Co., (Minn.) 129 N. W. 150; Smitz v. Leopold, (Minn.) 53 N. W. 718; Kinksley v. Wheeler, (Minn.) 104 N. W. 543; Beck v. Howard, 178 N. W. 580, 43 S. D. 177.

Respondent cited: Blumenthal v. Bridges, 91 Ark. 212; 120 S. W. 974; 24 L. R. A. (N. S.) 279; Sill v. Ceshi, 167 Cal. 698; Starks v. Springgate, (N. D.) 167 N. W. 221, 1918D L. R. A. (N. S.) 366; Hardwick v. March, (Ark.) 130 S. W. 524; Fiske v. Soule, 87 Cal. 313; Crouse v. Rhodes, 50 Ill. A 120; McDermott v. Mahoney, 139 Ia. 292, 115 N. W. 32, 116 N. W. 788; Johnson v. Wright, 124 Ia. 61; Donley v. Porter, 119 Ia. 542; Wright et al. v. Eisele, (S. D.) 185 N. W. 966; 9 C. J. 627.

GATES, J. Action for broker's commission on sale of real estate. The cause was brought before us on a former appeal. 44 S. D. 184, 183 N. W. 132. Defendant, a resident of Carrol, Iowa, owned a quarter section of land in Potter county. Plaintiff was a real estate agent at Gettysburg in said county. Pursuant to inquiry, defendant wrote plaintiff pricing his land at $27.50 per acre; the minimum terms of sale being for one-half cash. Plaintiff replied on January 29, 1919, suggesting that the price be $28.50 per acre, of which $1 per acre was to be his commission, and that the terms of sale be $1,000 cash, balance in five years at 6 per cent. Said letter also contained the following request:

"Give me to April 1st to sell your land or rather to May 1st."

Defendant replied by two letters in the same envelope designated as Exhibits 3 and 4 as follows:

Exhibit No. 3

Carroll, Ia., Jan. 31, 1919.

"Mr. Wm. Schoof, Gettysburg, S. D.—Dear Sir: Your just rec'd. In reply will say my price on land spec. $2,800 per a $1,000 cash Bal. on five year time at 6% interest. First mortgage back for Bal. to me. Time up to April or May 1st to sell land at above price buyer to pay 1918 taxes. Rush sale if possible.

"Yours truly, F. E. Hoagland,"

Exhibit No. 4.

"Spec.                                    Carroll, Ia., Jan. 31, 1919.

"St. Joseph, Mo.—Mr. Wm Schoof: Spec. I made price .50c an a less. I want $27.00 net to per a. This is yours not to be shown. No further cut will be made no better terms to any one.

"Yours truly, F. E. Hoagland."

On March 26 plaintiff wrote defendant as follows:

"Gettysburg, S. D., 3-26-19.

"Mr. F. E. Hoagland, Carroll, Iowa—Dear Sir: I had just one customer look at your quarter during the time I have had your land exclusively but hope to be able to sell it before my time runs out on May first, 1919. This party thought the price a little high and also thought the land a little too low in places which would make it *hard* to work during a very wet season.

I will keep you posted on the progress I make with the land and will be glad to be able to sell it for you within my time.

"Very truly yours, William Schoof.

By John F. Schoof.

"P. S.—I might feel speculative enough to buy this quarter as a speculation if you would take $25.00 per acre for it, $1,500.00 cash, and $2,500.00 in five years, on or before at 6% interest. The $1,500.00 to be paid and the $2,500 mortgage to be given on day you furnish abstract showing marketable title clear of all incumbrances including 1918 taxes. Please let me know what you think about it.

"WS—JFS."

On March 29 the following agreement was executed by Huyck and respondent.

Exhibit No. 10.

"Earnest Money Contract of Sale.

"March 29, 1919.

"Received from R. L. Huyck, of Vermllion, S. D., note $———, due ———, cash $100, total $100, as earnest money and in part payment for the purchase of the following described property, situated in the county of Potter and state of S. D., viz.:

"The northwest quarter (N. W. ¼) of section 33, in township 118 and range 76, which we have this day sold and agreed to convey to said R. L. Huyck for the sum of four thousand six hundred forty dollars ($4,640) on terms as follows, viz.: One hundred dollars ($100.00) in hand paid as above, and $1,220.00 upon delivery of deed ———, 19——, purchaser to pay the 1918 tax upon said land, balance mortgage $3,320.00 due in five (5) years from date with interest on deferred payments at 6 per cent. from date, payable annually. Payable on or before the dates above named, or as soon thereafter as a warranty deed conveying a good title to said land is tendered, time being considered of the essence of this contract.

"And it is agreed that if the title to said premises is not good and cannot be made good within 90 —— from date when first deferred payment shall become due, this agreement shall be void and the above earnest money refunded. But if the title to said premises is then good, in the name of grantor, and said pur-

chaser refuses to accept the same, said earnest money shall be forfeited to William Schoof as liquidated damages.

"But it is agreed and understood by all parties to this agreement that said forfeiture shall in no way affect the rights of either party to enforce the specific performance of this contract.

"F. E. Hoagland.<br>
"William Schoof,<br>
"By John F. Schoof.

"I hereby agree to purchase the said property for the price and upon the terms above mentioned, and also agree to the conditions of forfeiture and all other conditions thereby expressed.

"R. L. Huyck    [Seal.]

Of course, the respondent had no authority from the appellant to sign this contract. Lewis v. Jones, 43 S. D. 282, 178 N. W. 1001. The testimony of Huyck was that it was signed in the morning. John F. Schoof thought it was late in the afternoon. Huyck was another real estate man at Gettysburk. At 11:20 a, m. on that day plaintiff sent defendant the following telegram, which was not answered:

"Gettysburg, S. D. March 29th, 1919.  1120 AM.  F. E. Hoagland Carroll Iowa.  Wire me if you will sell your quarter as per my letter of twenty-sixth William Schoof 118PM"

On March 31 plaintiff wrote defendant as follows, inclosing a deed for execution in which Huyck was named as grantee but his post office address was not given:

"Mr. F. E. Hoagland, Carroll, Iowa.—Dear Sir:  I have sold the land and am enclosing our regular state form deed herewith together with check for $100.00 earnest money on your NW 33—118—76, Potter county. Please execute the deed properly and send to the First National Bank here with your instructions."

On April 7 defendant wrote plaintiff as follows:

Carroll, Ia.  4—7—1919.

"Mr. Wm. Schoof, Gettysburg, S. D.  Dear Sir:  Yours of 3/31/19 recd on my return home Saturday Eve. and am somewhat surprised at the content. You did not have the exclusive sale of my land I gave exclusive sale to no one person as you know my letters do not say exclusive to you. I hold original of my letters

written you same as to any other person all leter of Importance I keep original

"I am returning you earnest money ck. on (as) land wɛs sold prior to your letter.

"Yours truly, F. E. Hoagland."

The evidence on behalf of plaintiff tended to show that Huyck was ready, able, and willing to complete the purchase of the land. The evidence on behalf of defendant tended to show that he sold the land through another agent at Gettysburg before he received word of the sale by plaintiff; that he was a traveling salesman and was only home at week ends. The testimony showed that the other agent wired and wrote defendant of his sale on March 27. The jury returned a verdict in favor of plaintiff for $320, with interest. Defendant appeals from the judgment and order denying new trial.

[1, 2] Respondent contends that he had a "time-certain" listing contract which was in effect an exclusive agency for the sale of the land until May 1. Appellant resists such contention. We think it unnecessary to go to the extent contended for by respondent. It is clear that there was such an agency as entitled him to a commission if before May 1 and before notice of a revocation of his agency he procured a purchaser ready, able, and willing to buy the land on appellant's terms. Beck v. Howard, 43 S. D. 179, 178 N. W. 579. But appellant contends that respondent did not earn his commission even if the agency was exclusive. He contends that respondent did not produce such a purchaser and did not present to appellant the contract that Huyck, the purchaser, signed. That is true. Respondent neither brought the parties together nor did he present to appellant the contract. Ordinarily, he should have done one or the other. Watters v. Dancey, 23 S. D. 481, 122 N. W. 430, 139 Am. St. Rep. 1171; Hennegan v. Wiley, 43 S. D. 149, 178 N. W. 294; Wright v. Eisele, 45 S. D. 70, 185 N. W. 966. But either of these acts would have been futile because appellant refused to make the sale on the ground that he had already sold the land. In Wright v. Eisele, supra, we said:

"Such presentation might be waived, however, if the principal should refuse to sell after such purchaser had been found and the principal notified."

Perhaps under the facts of that case such statement was obiter, but the law seems to be well settled as stated. In Walker on Real Estate Agency (2d Ed.) § 436, we find the following:

"Where contract has been repudiated by the vendor proof of tender of performance by the vendee is not necessary, in an action by the broker against the vendor for his commission on the sale, when it is shown that it would not have been of any avail if made. Harwood v. Diemer, 41 Mo. App. 48; Smith v. Tatum, 79 S. E. 775, 140 Ga. 719; Rothbaum v. Solomon, 187 Ill. App. 338; Parker v. Seattle Land Co. 165 P. 1086, — Wash. Sup. —; Merzoian v. Kludgian, 191 P. 673, — Cal. Sup. —."

And in Hennegan v. Wiley, supra, we said:

"This certainly excused respondent from either going on and having a contract executed or from bringing his party to appellant."

We therefore think it was unnecessary for respondent to proceed farther towards bringing the parties together or furnishing appellant with Huyck's contract.

Other questions as to the good faith of respondent and his fidelity to his principal were matters for the jury.

We perceive no present ground for reversing the judgment. It and the order denying new trial are affirmed.

Note.—Reported in 199 N. W. 468. See, Headnotes (1) and (2), American Key-Numbered Digest, Brokers, Key-No. 56(1), 9 C. J. Sec. 101.

On necessity of securing written contract from purchaser to entitle real estate broker to commissions, see note in 46 L. R. A. (N. S.) 129.

For authorities discussing as to when real estate broker is considered as procuring cause of sale where sale is made by his principal, see note in 44 L. R. A. 344.